```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

Yolanda Arnold,                :

    Plaintiff,             :

  v.                           :     Case No. 2:08-cv-31

City of Columbus,              :     JUDGE WATSON

    Defendant.             :

<u>ORDER</u>

This matter is before the Court on the motion for leave to file a second amended complaint filed by plaintiff Yolanda Arnold. Defendant City of Columbus has responded to this motion. For the following reasons, the motion (#57) will be granted.

## I. <u>Background</u>

In her first amended complaint, Ms. Arnold asserts claims of racial discrimination and retaliation as well as a hostile work environment claim. These claims arise out of an alleged pattern of baseless investigations of Ms. Arnold's conduct during her tenure as a Battalion Chief in the City of Columbus' Division of Fire including an investigation into assertions that she improperly allowed employees of the Fire Prevention Bureau to claim overtime compensation. According to Ms. Arnold, these investigations were based on inadequate information, were not conducted properly, and involved conduct also allegedly engaged in by Caucasian employees who were not similarly investigated or disciplined.

Ms. Arnold seeks to amend her complaint to add allegations relating to a right-to-sue notification received from the Equal Employment Opportunity Commission on August 16, 2009. The additional allegations arise from an investigation of Ms.

Arnold's completion of the required course work for the re-certification of her EMT-B card.  Ms. Arnold also seeks to add two new claims relating to the alleged spoliation of evidence.  These proposed claims arise from the alleged deletion of several data files from Ms. Arnold's personal work computer.  According to Ms. Arnold, these deleted files contained information regarding certain individuals who had made false and misleading accusations about Fire Prevention Bureau inspectors.  Ms. Arnold contends that she was under the impression that the deleted files could be restored and did not learn otherwise until September 2009 when deposition testimony revealed that the hard drive from her computer had been removed and destroyed.

The City opposes the proposed amendments as untimely because the deadline for amending the complaint was December 29, 2008.  The City claims without specificity that, if these amendments are allowed, it will be required to conduct additional discovery while trying to complete discovery in this two-year old case.  With respect to the spoliation claims, the City asserts that Ms. Arnold was aware that the hard drive on her computer had been replaced in January 2005.

## II. <u>Analysis</u>

Fed.R.Civ.P. 15(a) states that when a party is required to seek leave of court in order to file an amended pleading, "leave shall be freely given when justice so requires.  However, when, as here, the deadline established by the Court's scheduling order has passed, the Sixth Circuit has made clear that, "a plaintiff must first show good cause under Rule 16(b) for failure earlier to seek leave to amend" and the Court "must evaluate prejudice to the nonmoving party 'before a court will [even] consider whether amendment is proper under Rule 15(a).'" <u>Commerce Benefits Group, Inc v. McKesson Corp.</u>, 326 Fed. Appx. 369 (6th Cir. 2009)(quoting <u>Leary v. Daeschner</u>, 349 F.3d 888 (6th Cir. 2003)); <u>see</u> <u>also</u> <u>Hill</u>

2

v. Banks, 85 Fed. Appx. 432, 433 (6th Cir. 2003). Consequently, the Court is permitted to examine the standard factors governing amendments of the complaints under Rule 15(a) only if it is satisfied that the date for the filing of a motion for leave to amend is properly extended under the good cause provisions of Rule 16(b).

Fed.R.Civ.P. 16(b) requires the Court, in each civil action which is not exempt from that rule, to "enter a scheduling order that limits the time" to, inter alia, file motions, identify expert witnesses, and complete discovery. The rule further provides that "[a] schedule shall not be modified except upon a showing of good cause ...."

Although the Court has broad discretion to modify its own pretrial orders, it must be remembered that "[a]dherence to reasonable deadlines is ... critical to maintaining integrity in court proceedings," Rouse v. Farmers State Bank, 866 F.Supp. 1191, 1199 (N.D. Iowa 1994), and that pretrial scheduling orders are "the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." Id. at 1198. In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, the Court is mindful that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines." Deghand v. Wal-Mart Stores, 904 F.Supp. 1218, 1221 (D. Kan. 1995). The focus is primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause. Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995). Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Dilmer Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997). Further, although the primary focus of the inquiry is upon the

moving party's diligence, the presence or absence of prejudice to the other party or parties is a factor to be considered.  <u>Inge v. Rock Financial Corp.</u>, 281 F.3d 613 (6th Cir. 2002).  The Court of Appeals has made it clear that this standard applies to any deadline set in a Rule 16 order, such as a date by which motions to amend the pleadings must be made (<u>see Inge, supra</u>), a discovery cutoff date (<u>see Commerce Benefits Group v. McKesson Corp.</u>, 326 Fed. Appx. 2369 (6th Cir. May 20, 2009)), or a date for filing summary judgment motions (<u>see Andretti v. Borla Performance Industries</u>, 426 F.3d 824 (6th Cir. 2005).

Although the City does not frame its argument in terms of Rule 16(b), the Court construes its position as asserting that Ms. Arnold has not been diligent in seeking to amend her complaint and, therefore, cannot demonstrate good cause.  To the contrary, Ms. Arnold contends, also without reference to Rule 16(b), that she did not have the necessary support for her proposed amendments until recently.  As noted above, Ms. Arnold asserts that she did not receive the relevant right-to-sue letter from the EEOC until August 16, 2009, and did not become certain of the destruction of her hard drive until September 2009.  In essence, Ms. Arnold argues that her lack of diligence is not the reason she has sought leave to amend past the deadline.

Further, Ms. Arnold argues that the City will not be prejudiced by the filing of an amended complaint after the previously established deadline.  As noted by Ms. Arnold, discovery remains open, she has not been deposed and no dispositive motions have been filed.  Moreover, according to Ms. Arnold, the City has been aware that evidence and discovery relating to her proposed spoliation claims has come to light.

The Court finds that Ms. Arnold has demonstrated good cause for her failure to seek leave to amend prior to the deadline of December 29, 2008.  Given the progress of this case to date, the

Court agrees that Ms. Arnold's lack of diligence is not the reason she has sought leave to amend past the deadline. Moreover, and equally as significant, the City has not pointed to any prejudice it will suffer that might dissuade the Court from simply proceeding with an analysis of Ms. Arnold's motion under Rule 15(a).

The United States Court of Appeals for the Sixth Circuit has spoken extensively on the standard for granting leave under Rule 15(a), relying upon the decisions of the United States Supreme Court in Foman v. Davis, 371 U.S. 178 (1962) and Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971), decisions which give substantial meaning to the phrase "when justice so requires."  In Foman, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted.  In Zenith Radio Corp., the Court indicated that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.

Expanding upon these decisions, the Court of Appeals has noted that:

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir.1994) (citing Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau, 786 F.2d 101, 103 (2d Cir.1986)).  See also Moore v. City of Paducah, 790 F.2d 557 (6th Cir.1986); Tefft v. Seward, 689 F.2d 637

5

(6th Cir. 1982). Stated differently, deciding if any prejudice to the opposing party is "undue" requires the Court to focus on, among other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing, see Duchon v. Cajon Co., 791 F.2d 43 (6th Cir.1986) (per curiam), and to ask if the defending party would have conducted the defense in a substantially different manner had the amendment been tendered previously. General Electric Co. v. Sargent and Lundy, 916 F.2d 1119, 1130 (6th Cir.1990); see also Davis v. Therm-O-Disc, Inc., 791 F. Supp. 693 (N.D. Ohio 1992).

The Court of Appeals has also identified a number of additional factors which the District Court must take into account in determining whether to grant a motion for leave to file an amended pleading. They include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility. Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir.1990); Head v. Jellico Housing Authority, 870 F.2d 1117 (6th Cir.1989). The Court may also consider whether the matters contained in the amended complaint could have been advanced previously so that the disposition of the case would not have been disrupted by a later, untimely amendment. Id. It is with these standards in mind that Ms. Arnold's motion for leave to amend her complaint will be decided.

Although the inquiries are conceptually distinct, the reasons found by the Court to constitute good cause under Rule 16(b) also weigh in favor of allowing Ms. Arnold to amend her complaint to include her proposed allegations and claims under Rule 15(a). That is, as discussed above, Ms. Arnold has not acted to delay this matter and the City has not identified with specificity, nor given the status of this case can the Court imagine, any prejudice it will suffer if leave to amend is

granted. With respect to the other considerations delineated by the Sixth Circuit, there is no evidence that Ms. Arnold is acting in bad faith. Consequently, the motion for leave to amend will be granted.

### III. Disposition

Based on the foregoing, plaintiff's motion for leave to amend (#57) is granted. The Clerk shall detach and file the second amended complaint attached to the motion.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge